IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| NADIA THORNTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | Civil Action No. 4:19-cv-00128-CDL |
| HEALTHCARE STAFFING, INC., ) | |
| Domestic Profit Corporation ) | |
| Defendant. ) | |
| ) | |

**CONSENT PROTECTIVE ORDER**

Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, and for good cause shown, the Court hereby issues this Consent Protective Order with respect to the confidential and proprietary commercial information which may be exchanged between Plaintiff Nadia Thorton ("Plaintiff") and Defendant Healthcare Staffing, Inc., Domestic Profit Organization ("Defendant") during the course of discovery in this action.

**IT IS HEREBY ORDERED** that the confidential and proprietary commercial information described in this Order, whether in the form of documents (electronic or otherwise) or testimony, shall be protected and governed as follows:

Any party may designate as "Confidential" any Discovery Materials that are not otherwise available to the public or third parties and deemed in good faith by that party to embody, reflect, or disclose trade secrets, proprietary commercial information related to Defendant's business operations, documents conveying confidential or private information about any current or former employee of Defendant, or Plaintiff's personnel, financial, tax, medical, or personal records. Good cause exists for entering this Order in order to protect the parties from

possible annoyance or embarrassment related to the unnecessary disclosure of personal information and to protect against disclosure of otherwise confidential commercial information. This Order is limited to documents and information exchanged between the parties during discovery and <u>does not otherwise authorize the filing of such documents under seal, except as otherwise permitted in accordance with this Order or the Local Rules of this Court.</u>  Documents produced in discovery claimed by the party producing them to be "confidential," shall be stamped or otherwise marked with the designation, "CONFIDENTIAL," or before or after to the production of such documents the parties may agree that certain documents shall be deemed confidential.

A party may designate any portion of any deposition testimony as "Confidential" (as defined above) at any time prior to a deposition, during a deposition, or after the close of the deposition, as next described.  Within thirty (30) days of receipt of the transcript for review, the party invoking the "Confidential" designation must identify those portions of the final transcript which will remain protected by designating as "Confidential" pages of the transcript in a letter or other electronic communication to opposing counsel.

At any time after the production of any materials designated as Confidential by one party, any other party to this Order may serve, by letter or electronic communication, a notice of objection to such designation stating the reasons for such objection.  The parties shall make a good faith effort to confer and to resolve any disagreement over any objection to a "Confidential" designation of documents or information.  Should the parties be unable to resolve the issue raised by the objection, the designating party may thereupon, by motion, seek a ruling from this Court with respect to the merits of the designation.  The burden of proving the

appropriateness of the designation pursuant to this Order shall be upon the party designating the materials as confidential.  Documents or testimony designated as "Confidential" may be used in this case in all respects in the same manner as other documents or testimony, and the Order does not in any way limit a party's ability to use them for this case.

Except as otherwise set out herein, "Discovery Materials" designated as "Confidential" may only be made available to:  (a) counsel of record for any party, and the legal associates, clerical or support staff of such counsel assisting in the preparation of this action; (b) a party, or independent experts, or potential experts, or mediator, or any other person employed or retained by counsel for the purpose of assisting counsel in this action, after said person's acknowledgment, agreement and consent to abide by the terms of this Protective Order; (c) deponents; and (d) witnesses, court personnel and court reporters at any proceedings held in open court in connection with this action.

Any person receiving Confidential Discovery Materials shall safeguard their confidentiality and shall not reveal or discuss such materials to or with any person or entity not entitled to disclosures herein provided.

The parties agree to redact certain identifying information contained in documents filed with the court, such as social security numbers and addresses as may be required by the Local Rules and Standing Orders of the United States District Court for the Middle District of Georgia

Pursuant to Fed. R. Evid. 502(d), the parties agree that a party's disclosure or production of any documents or information in this proceeding shall not, for the purposes of this proceeding or any other proceeding in any other court, constitute a waiver by that party of any privilege or protection applicable to those documents, including the attorney-client privilege, work product

protection and any other privilege or protection recognized by law. The parties further agree that the provisions of Fed. R. Evid. 502(b) are inapplicable to the production of documents or information under this Order. Specifically, there has been no waiver if a party discloses privileged or protected information, inadvertent or otherwise, regardless of whether the party took reasonable steps to prevent the disclosure or to rectify the error, unless such waiver has been explicitly made by the producing party. Such documents or information is considered confidential information under this Order. Any party receiving any such documents or information shall within ten (10) business days of receiving such request, destroy any copies and delete any version of the documents it maintains, and make no use of the information contained therein, regardless of whether the receiving party agrees with the claim of privilege and/or work product protection. Nothing in this Order shall prevent a receiving party from challenging the privilege or protection asserted by the producing party by engaging in good-faith discussions with the producing party and, if agreement cannot be reached, in accordance with the Scheduling Order, seeking a ruling by the Court (including, if necessary, *in camera* review) as to whether the document or information should be treated as privileged or protected.

Upon termination of this action, including any appeals thereof, within thirty (30) days of a written request, the parties shall confirm that all copies of Confidential Discovery Materials have been deleted, discarded or destroyed.

The parties acknowledge and agree that even though documents may be marked as Confidential for purposes of discovery, such designation does not prevent a party from submitting any such materials with the Court as evidence in this matter.

<u>This order does NOT, in itself, authorize the filing of any documents under seal. Documents may be filed under seal only if authorized by statute, rule, or order of the Court.</u>  A party seeking to file under seal any paper or other matter shall abide by the applicable Federal Rules of Civil Procedure, local rules, the Court's rules, standing orders, and any other orders entered in this matter with regard to the filing of materials under seal.

By the entry of this Order, the parties shall not be deemed to have waived any objection available to them in response to any discovery request.

This Order is without prejudice to the rights of any party to seek its modification or amendment by further order of this Court.  The parties have consented to the entry of this Protective Order upon the express condition that they reserve the right to seek relief or supplemental order of this Court if the provisions of this Protective Order would later result in undue burden or expense or would undermine counsels' ability to represent their clients in this case.

**SO ORDERED**, this 6th day of _August, 2020.

S/Clay D. Land
Clay D. Land
United States District Judge